EMIL BARTH *vs.* JOHN HOREJS and others.

January 5, 1891.

**Justice's Court—Appeal—Pleadings.**—On appeal from justice's court to the municipal court of the city of St. Paul, other or further pleadings than those filed with the justice are unnecessary, unless otherwise directed by the court.

**Same—Defendant Garnished by Creditor of Plaintiff.**—Query, whether the rule in regard to the procedure in district court in case of garnishment, *pendente lite*, laid down in *Blair* v. *Hilgedick, supra*, p. 23, is applicable in actions pending before a justice of the peace.

Action brought in a justice's court of Ramsey county, to recover $89 for services. Among other defences the defendants pleaded the pendency, in another justice's court, in the same county, of an action by Menk Brothers against this plaintiff as defendant and these defendants as garnishees. There was no reply. The justice having rendered judgment, an appeal was taken, on questions of fact and law, to the municipal court of St. Paul, where the action was tried by the court, (a jury being waived,) on the original pleadings, and it was found that the plaintiff rendered the services alleged, for which a balance of $61 was due him, and that "the other allegations of the pleadings" are "not proved." Judgment was ordered and entered for plaintiff, and the defendants appealed.

*Daniel Murphy* and *Holcombe & O'Reilly*, for appellants.

*Willrich & Lambert*, for respondent.

COLLINS, J. This is an appeal from a judgment of the municipal court of the city of St. Paul, and is presented upon the complaint, answer, findings, and judgment. The first question to be considered is whether it was necessary to file a reply in the court last named on an appeal, upon questions of both law and fact, from a judgment of a justice of the peace, and in an action wherein no reply was necessary before him and none made. This must be answered in the negative. The appellants concede that, as no counter claim was set up in the answer, a reply was not essential in the justice's court, but they insist that, when appealed, a reply became absolutely necessary. It is true that, when the municipal court became possessed of the action, it had the same powers in reference to it as a district court would have had if the appeal could have been to the district, instead of to the municipal, court; and that all of the laws applicable to appeals to the district court are made applicable to the municipal court, (Sp. Laws 1889, *c.* 351, § 28;) and, further, that, as appealed on questions of both law and fact, this action was to be tried in the same manner as if originally commenced in the court last named. Gen. St. 1878, *c.* 65, § 117. It may be true also that, had new pleadings been substituted for the old, or had amendments been made to the latter, in the municipal court, a reply would have become requisite. But, on appeal, there was neither substitution nor amend-

ment.   The trial was upon the issues just as made before the justice. Other or further pleadings were unnecessary, unless otherwise directed by the court.   *Desnoyer* v. *L'Hereux*, 1 Minn. 1, (17.)   It follows that the allegation in the answer in reference to the pendency of the garnishment proceedings against defendants was not admitted by a failure to reply in the appellate court, any more than it had been by an omission to reply in the justice's court.   The former, sitting without a jury, found as a fact that the allegation in question was untrue.   No fault is found by the appellants as to this finding, and it must be accepted as correct.

It will be observed that we have treated this appeal as if the allegation found in the answer was a proper plea in abatement in justice's court, although not so in district court.   *Blair* v. *Hilgedick*, *supra*, p. 23.   As a justice of the peace might not have the power to grant the requisite stay, it is possible that the rule laid down in the case last cited would not apply to actions pending before a justice. We are not obliged to determine the question in this case, however.

Judgment affirmed.